UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-834(DSD/FLN)

Kenneth Lindsay and Jesse Owens
individually and on behalf of
other similarly situated individuals,

        Plaintiffs,

v.                                     **ORDER**

Clear Wireless LLC and
Workforce Logic LLC, d/b/a
Workforce Logic, a Zero
Chaos Company,

        Defendants.


    Eric D. Satre, Esq., Jarvis C. Jones, Esq. and Jones,
Satre & Weimer PLLC, 7900 Xerxes Avenue South, Suite 820,
Bloomington, MN 55431, counsel for plaintiffs.

    Kerry L. Middleton, Esq., Nilor Ray, Esq., Jeffrey A.
Timmerman, Esq. Rhiannon C. Beckendorf, Esq. and Littler
Mendelson, PC, 80 South Eighth Street, Suite 1300,
Minneapolis, MN 55402; Daniel R. Hall, Esq. Mary L.
Knoblauch, Esq. and Anthony, Ostlund, Baer & Louwagie PA,
90 South Seventh Street, Suite 3600, Minneapolis, MN
55402 and Joyce A. Cox, Esq. and Baker & Hostetler LLP,
200 South Orange Avenue, Suite 300 Sun Trust Center,
Orlando, FL 32801, counsel for defendants.


    This matter is before the court upon the objections by
plaintiffs and defendants to two orders issued on January 3, 2014,
by Chief Magistrate Judge Arthur J. Boylan.  The orders (1) granted
in part plaintiffs' motion to compel discovery and (2) granted
plaintiffs' motions for conditional certification, for
identification of similarly situated employees and for distribution
of written judicial notice to the putative class.  Based on a

review of the file, record and proceedings herein, and for the
following reasons, the court denies the objections.

## BACKGROUND

This discovery and conditional certification dispute arises
out of the employment of plaintiffs Kenneth Lindsay and Jesse Owens
(collectively, plaintiffs) by defendants Clear Wireless LLC (Clear
Wireless) and Workforce Logic LLC (Workforce) (collectively,
defendants).   Plaintiffs filed this action individually and on
behalf of similarly-situated individuals on April 9, 2013, alleging
claims under the Fair Labor Standards Act (FLSA).

Plaintiffs allege that defendants failed to comply with the
FLSA's minimum wage and overtime wage provisions.  Plaintiffs moved
(1) to compel discovery, seeking in part to shift to defendants the
cost of producing plaintiffs' work-related emails and (2) to
conditionally certify their FLSA collective action, compel
identification of similarly-situated employees and distribute
notice of the action to potential claimants.  The magistrate judge
issued contemporaneous orders, granting in part the motion to
compel discovery — though denying the request to shift discovery
costs — and granting plaintiffs' motion for conditional

certification, identification of similarly-situated employees and distribution of notice.  Both parties object.[1]

## DISCUSSION

### I.  Motion to Compel Discovery

#### A.   Standard of Review

The district court will modify or set aside a magistrate judge's order on a nondispositive issue only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a).  This is an "extremely deferential" standard.  Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996) (citations and internal quotation marks omitted).  "A decision is contrary to law when it fails to apply or misapplies relevant

_____

[1] Defendants also moved to stay the notice portion of the magistrate judge's order pending a ruling on their objection. Magistrate Judge Franklin L. Noel, assigned the case due to the retirement of Chief Magistrate Judge Boylan, denied the motion and ordered that notice be distributed to collective class members. ECF Nos. 117, 134.

Further, Clear Wireless belatedly sought leave to exceed the word limit applicable to its objections.  ECF No. 127.  Although the court does not encourage such an oversight, plaintiffs have not claimed to have suffered any prejudice and the court will consider Clear Wireless's submissions as filed.

statutes, case law or rules of procedure." <u>Knutson v. Blue Cross & Blue Shield of Minn.</u>, 254 F.R.D. 553, 556 (D. Minn. 2008) (citation and internal quotation marks omitted).

"Discovery-related motions are nondispositive motions." <u>Ackerman v. PNC Bank, Nat'l Ass'n</u>, No. 12-cv-0042, 2013 WL 3124509, at *2 (D. Minn. June 19, 2013) (citation omitted). Thus, review of a magistrate judge's order on a discovery matter is subject to deferential review in the district court. <u>Id.</u>

**B.   Objection to Discovery Ruling**

Parties to a dispute may discover "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Under the rules of discovery, "the presumption is that the responding party must bear the expense of complying with discovery requests." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 358 (1978).

Plaintiffs argue that defendants should bear the cost of producing plaintiffs' work-related emails, which are maintained in plaintiffs' personal email accounts on their personal computers. Plaintiffs restate the argument made before the magistrate judge that such an order is proper given the court's ability to limit discovery and shift discovery costs on the basis of proportionality. <u>See</u> Fed. R. Civ. P. 26(b)(2)(C)(iii) (providing that the court must limit discovery where it determines that "the burden or expense of the proposed discovery outweighs its likely

4

benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."); see also Zubulake v. UBS Warburg LLC, 216 F.R.D. 280, 283-84 (S.D.N.Y. 2003) (setting out test for cost-shifting in the context of inaccessible electronic discovery).

Plaintiffs argue that the magistrate judge did not afford sufficient weight to their proportionality argument. Plaintiffs do not, however, identify "relevant statutes, case law or rules of procedure" that the magistrate judge ignored or misapplied. Knutson, 254 F.R.D. at 556 (citation and internal quotation marks omitted). Indeed, the magistrate judge was not obligated to consider cost-shifting under Zubulake because the emails are not inaccessible to plaintiffs. See 216 F.R.D. at 284 ("It is worth emphasizing again that cost-shifting is potentially appropriate only when *inaccessible* data is sought." (emphasis in original)). Thus, plaintiffs fail to identify a basis from which the court may conclude that the denial of the request to shift discovery costs was clearly erroneous or contrary to law. See Escamilla v. SMS Holdings Corp., No. 09-2120, 2011 WL 5025254, at *11 (D. Minn. Oct. 21, 2011) (overruling objection that magistrate judge "did not appropriately consider proportionality" in denying cost-shifting). As a result, the court finds no reason to disturb the magistrate judge's decision and overrules the objection.

## II.  Motion for Conditional Certification

### A.  Standard of Review

Defendants argue that plaintiffs' motion for conditional certification is a motion "to permit maintenance of a class action," which is excluded from the magistrate judge's pretrial authority.  See 28 U.S.C. § 636(b)(1)(A).  The Eighth Circuit is silent as to whether a motion for conditional certification in a FLSA collective action is within a magistrate judge's authority. Moreover, district courts have not ruled consistently on the subject.  Compare Poreda v. Boise Cascade, L.L.C., 532 F. Supp. 2d 234, 238 (D. Mass. 2008) (finding magistrate judge has authority to order conditional certification in a collective FLSA action), and Patton v. Thomson Corp., 364 F. Supp. 2d 263, 265-66 (E.D.N.Y. 2005) (distinguishing conditional certification from certification pursuant to Rule 23 and finding magistrate judge has authority to order conditional certification in an FLSA collective action), with Littlefield v. Dealer Warranty Servs., LLC, 679 F. Supp. 2d 1014, 1015-16 (E.D. Mo. 2010) (referring motion for conditional class certification to magistrate judge based on parties' consent pursuant to 28 U.S.C. § 636(c)), and West v. Border Foods, Inc., No. 05-2525, 2006 WL 1892527, at *1 (D. Minn. July 10, 2006) (basing conditional certification on report and recommendation of magistrate judge).

Where a matter is excluded from a magistrate judge's authority, the magistrate judge may issue a report and recommendation, which the district court reviews de novo.   See 28 U.S.C. § 636(b)(1)(B)-(C).   For the instant motion, the court need not decide whether a magistrate judge may issue an order conditionally certifying an FLSA collective action because, even after a de novo review, the court overrules defendants' objection.

**B.   Objection to Conditional Certification and Related Rulings**

Defendants object to the magistrate judge granting the motions for conditional certification,[2] for identification of similarly-situated employees and for distribution of notice of the FLSA action.   Specifically, defendants argue that plaintiffs failed to establish that (1) putative class members are similarly situated, (2) there was a single policy, plan or decision concerning the putative class members and (3) a manageable class exists.

**1.   Similarly Situated**

Defendants first argue that plaintiffs failed to demonstrate that the putative class members are similarly situated to the named

---

[2] Plaintiffs proposed and the magistrate judge conditionally approved an FLSA class consisting of "Clear Wireless['s] and Workforce['s] employees and/or contractors that were employed in a sales related capacity to sell Clear Wireless' 4G broadband products in Clear Wireless' retail and national retail sub-distribution channels and markets as either Retail Sales Representatives and/or National Retail Account Executives from April 2010 to the present."   ECF No. 100, at 2.

plaintiffs.[3]   "Section 216(b) of the FLSA allows one or more employees to bring a collective action to collect unpaid ... compensation against an employer for and [o]n behalf of himself or themselves and other employees similarly situated.  For a case to proceed as a collective action under § 216(b), the plaintiffs must show that they are similarly situated."  Ahle v. Veracity Res. Co., 738 F. Supp. 2d 896, 921-22 (D. Minn. 2010) (citation and internal quotation marks omitted).  The FLSA does not define the term "similarly situated," and the Eighth Circuit is silent as to the standard that should be used in analyzing whether employees are similarly situated.  See Nerland v. Caribou Coffee Co., 564 F. Supp. 2d 1010, 1017 (D. Minn. 2007).  Regardless, "courts in this district typically employ a two-step process."  Knaak v. Armour-Eckrich Meats, LLC, No. 13-829, 2014 WL 67956, at *4 (D. Minn. Jan. 8, 2014).  "The first stage, or the notice stage, usually occurs early on in the lawsuit, when the [c]ourt determines whether notice of the action should be given to putative collective action

---

[3] Defendants also argue that "conflicting positions" in the magistrate judge's orders "evidence the clearly erroneous nature of his decisions."  ECF No. 119, at 14.  Responding to plaintiffs' motion to compel "pre-conditional certification discovery," the magistrate judge declined to allow plaintiffs to obtain non-party discovery in accordance with Rule 26(b)(1).  See ECF No. 101, at 4. Such a position does not directly contradict, nor does it consequently render "clearly erroneous," the magistrate judge's contemporaneous order conditionally certifying the class and compelling identification of similarly-situated employees and distribution of notice.  See ECF No. 100, at 5-6.  As a result, defendants' argument based on perceived conflicting language in the orders is unavailing.

members." <u>Nerland</u>, 564 F. Supp. 2d at 1017 (citations and internal quotation marks omitted). At the second stage, following discovery, the court makes a factual determination on the "similarly situated" question. <u>Id.</u> "If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class and the opt-in plaintiffs are dismissed without prejudice. The class representatives — i.e. the original plaintiffs — proceed to trial on their individual claims." <u>Id.</u> at 1017-18 (citation omitted).

"A plaintiff's burden when seeking conditional certification is not onerous and the merits of a plaintiff's claims are not considered." <u>Huang v. Gateway Hotel Holdings</u>, 248 F.R.D. 225, 227 (E.D. Mo. 2008). "Conditional class certification at the notice stage requires not[h]ing more than substantial allegations that the putative class members" are similarly situated. <u>Id.</u> at 227 (citations and internal quotation marks omitted). Plaintiffs may satisfy their burden – which only requires that they demonstrate a factual basis beyond the bare pleading – through, for example, affidavits and deposition testimony. <u>See, e.g.</u>, <u>Davis v. NovaStar Mortg., Inc.</u>, 408 F. Supp. 2d 811, 816 (W.D. Mo. 2005).

Here, plaintiffs "have made substantial allegations that the putative class members are similarly situated." <u>Huang</u>, 248 F.R.D. at 227. Specifically, plaintiffs have submitted declarations from

seven employees, all of whom were entry-level or lead sales representatives for defendants.  The declarations reflect common job duties and responsibilities.  <u>See, e.g.</u>, Owens Second Decl. ¶ 3; Willis Decl. ¶ 3; E Santana Decl. ¶ 4.  Further, the declarations state that defendants engaged in a pattern and practice of requiring their employees to perform tasks before and after their scheduled shifts and during meal breaks, for which employees were not paid appropriate compensation.  <u>See, e.g.</u>, Owens Second Decl. ¶¶ 11, 55; Lawrence Decl. ¶¶ 11, 55; Egginger Decl. ¶¶ 11, 55.  Uncompensated tasks included attending meetings and training sessions, placing customer service calls and making sales-related calls and visits outside of scheduled hours.  <u>See, e.g.</u>, Owens Second Decl. ¶¶ 62-70; Lawrence Decl. ¶¶ 62-70; Lindsay Second Decl. ¶¶ 50-58.  According to the declarations, defendants had official policies against unpaid overtime work, but widespread unwritten policies required employees to perform work-related activities outside scheduled hours without compensation.  <u>See, e.g.</u>, Owens Second Decl. ¶¶ 53-54; R Santana Decl. ¶¶ 53-54; Egginger Decl. ¶¶ 53-54.  Moreover, plaintiffs argue that defendants' systemwide "online 'Timecard Entry System' did not allow [employees] to input" the extra time they worked.  <u>See, e.g.</u>, Owens Second Decl. ¶¶ 56-60, 71; Willis Decl. ¶¶ 56-60, 71; Lawrence Decl. ¶¶ 56-60, 71.  As a result of these commonalities, the court concludes that the declarations "suffice to show that the

members of the putative class, as defined by plaintiffs, are
similarly situated for the purposes of this preliminary
certification stage." <u>Knaak</u>, 2014 WL 67956, at *6.

To the extent that defendants contest the facts asserted in
the declarations, "the [c]ourt need not consider disputes over the
factual accuracy of the employees' statements or weigh the
credibility of the plaintiffs' submitted declarations at this
stage." <u>Id.</u> (citations omitted). "Defendant[s'] arguments are
properly raised in a motion to decertify filed after the close of
discovery, or at least where discovery is largely complete and the
matter is ready for trial." <u>Huang</u>, 248 F.R.D. at 228 (citation and
internal quotation marks omitted). In sum, "[p]laintiffs have met
their burden of producing substantial allegations that the proposed
members are similarly situated." <u>Id.</u> (citation omitted).

## 2.  Single Policy, Plan or Decision

Defendants next argue that plaintiffs failed to present
substantial allegations of a single policy, plan or decision. At
the conditional certification stage, plaintiffs need only establish
"a colorable basis for their claim that the putative class members
were the victims of a single decision, policy, or plan." <u>Meseck v.
TAK Commc'ns, Inc.</u>, No. 10-965, 2011 WL 1190579, at *3 (D. Minn.
Mar. 28, 2011) (citation and internal quotation marks omitted).
"Showing a colorable basis simply means that plaintiff[s] must come
forward with something more than the mere averments in [their]

11

complaint in support of [their] claim." <u>Simmons v. Valspar Corp.</u>, No. 10-3026, 2011 WL 1363988, at *3 (D. Minn. Apr. 11, 2011) (alterations in original) (citation and internal quotation marks omitted).  As already explained, for the purpose of conditional certification, plaintiffs' declarations sufficiently support the allegation of a common and pervasive policy.  <u>See</u> <u>Carden v. Scholastic Book Clubs, Inc.</u>, No. 2:10-cv-01112, 2011 WL 2680769, at *3 (W.D. Mo. July 8, 2011) (finding that submitted statements and other documents "establish[ed] at least a colorable basis for ... allegations that a company-wide policy exist[ed] to ... deprive employees of pay for work done before and after shifts").  As a result, the magistrate judge properly determined that plaintiffs had met their burden of demonstrating a single policy, plan or decision.

### 3.   Manageable Class

Finally, defendants argue that plaintiffs are not entitled to discovery of the names or contact information of potential class members because they failed to establish a manageable class appropriate for conditional certification.  Specifically, defendants argue that the proposed class is unmanageable because of disparities among potential plaintiffs.

The court has "managerial responsibility to oversee the joinder of additional parties" in the context of conditional certification.  <u>Hoffmann-La Roche Inc. v. Sperling</u>, 493 U.S. 165,

171 (1989) (citation and internal quotation marks omitted). Although the Eighth Circuit is silent as to whether consideration of manageability is proper at the conditional certification stage, "[n]umerous courts have ... observed that disparate factual and employment settings of the individual plaintiffs should be considered at the second stage of analysis, rather than at the first stage." Knaak, 2014 WL 67956, at *6 (alterations in original) (citation and internal quotation marks omitted); see Meseck, 2011 WL 1190579, at *6 ("[P]otential defenses and individualized inquiries should not prevent conditional certification at the notice stage and are more appropriately addressed through a decertification motion." (citations omitted)). But see Saleen v. Waste Mgmt., Inc., No. 08-4959, 2009 WL 1664451, at *8 (D. Minn. June 15, 2009) (observing that district courts are not required to send out notice "when it appears that an FLSA case will be unmanageable as a collective action").

Here, the magistrate judge determined that "it is not patently clear that the potential plaintiffs are so numerous or so diverse as to render a class unmanageable." ECF No. 100, at 6. Indeed, at this stage in the proceedings, without the benefit of discovery, a conclusive determination of manageability is premature. As a result, the court will not disturb the magistrate judge's finding on the basis of unmanageability. Therefore, the court overrules the objection.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Plaintiffs' objection [ECF No. 129] is overruled; and

2.   Defendants' objection [ECF Nos. 119, 121] is overruled.


Dated:   March 3, 2014


s/David S. Doty
David S. Doty, Judge
United States District Court

14