UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-834(DSD/FLN)

Kenneth Lindsay and Jesse
Owens individually and on
behalf of other similarly
situated individuals,

        Plaintiffs,

v.                                              **ORDER**

Clear Wireless LLC and Workforce
Logic LLC, d/b/a Workforce Logic,
a Zero Chaos Company,

        Defendants.

     This matter is before the court upon the motion by plaintiffs Kenneth Lindsay and Jesse Owens (collectively, plaintiffs) for leave to file a supplemental memorandum in opposition to the motion for summary judgment by defendant Workforce Logic LLC (Workforce). Plaintiffs argue that submission of a memorandum based on newly-discovered evidence is warranted pursuant to Rule 56(d) because plaintiffs had an inadequate opportunity to conduct discovery prior to the filing of the summary judgment motion.

     Plaintiffs point to no authority that Rule 56(d) applies once a nonmovant has asserted its opposition to a summary judgment motion. See, e.g., Barnes-Griswold v. St. Paul Pub. Schs., Indep. Sch. Dist. No. 625, No. 03-4907, 2005 WL 1261749, at *4 n.3 (D. Minn. May 24, 2005) ("[A]pproximately one month after the [c]ourt heard oral argument on the instant motion, counsel for [plaintiff] sent a letter to the court citing Federal Rule of Civil Procedure

56[(d)] and asking to supplement the record .... Because 56[(d)] does not apply to this situation, the [c]ourt denies the request to supplement."). Even if Rule 56(d) applied, however, it requires that a party opposing summary judgment "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Upon such a showing, the court may postpone ruling on the motion or allow time for additional discovery. See Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 911-12 (8th Cir. 1999).

Here, the affidavit in support of the instant motion does not adequately identify any reasons that plaintiffs were unable to present the evidence at issue, which relates to opt-in plaintiff Ian Williams, in their opposition to the summary judgment motion. See Jones Aff. ¶ 7, ECF No. 238.  Indeed, Ian Williams opted in to the action on February 28, 2014, prior to the court's April 11, 2014, hearing on the summary judgment motion. See ECF No. 142. Thus, the evidence at issue was available to plaintiffs well before the hearing date.  Further, the general reference to Workforce's "fail[ure] to provide responsive discovery information" is not a "specified reason" sufficient to satisfy Rule 56(d). See Jones Aff. ¶ 7, ECF No. 238. Accordingly, **IT IS HEREBY ORDERED** that the

2

motion for leave to file a supplemental brief [ECF No. 235] is denied.

Dated:  June 12, 2014

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court