UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-834(DSD/FLN)

Kenneth Lindsay and Jesse
Owens individually and on
behalf of other similarly
situated individuals,

        Plaintiffs,

v.                                          **ORDER**

Clear Wireless LLC and Workforce
Logic LLC, d/b/a Workforce Logic,
a Zero Chaos Company, APC Workforce
Solutions, LLC, d/b/a Zero Chaos,
Gary D. Nelson and Associates, Inc.,
ABE Services d/b/a Workforce Logic,
and Clearwire Corporation,

        Defendants.

This matter is before the court upon the request by plaintiffs Kenneth Lindsay and Jesse Owens to increase the word count for a consolidated motion for partial summary judgment they intend to file later this week. ECF No. 431. Defendants object to plaintiffs' request because the court's dispositive motion deadline has passed. ECF Nos. 432-435. Defendants are correct. Under the amended scheduling order, the dispositive motion deadline was November 1, 2015.[1] ECF No. 206, at 4. Because plaintiffs did not file a dispositive motion on or before that date, any such motion would be untimely and will not be considered by the court.

Plaintiffs' argument that a partial summary judgment motion is

---

[1] Plaintiffs have not moved to amend the scheduling order under Fed. R. Civ. P. 16(b).

not dispositive, and therefore not subject to the dispositive motion deadline, and that Rule 1 of the Federal Rules of Civil Procedure provides a basis for relief, is to no avail. To the contrary, "[a]dherence to [scheduling] order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006) (quoting Fed. R. Civ. P. 1). Finally, the fact that plaintiffs secured a hearing date from the court did not obviate their obligation to timely file motion papers consistent with the scheduling order.[2]

Accordingly, **IT IS HEREBY ORDERED** that:

1. The request for an increase in word count [ECF No. 431] is denied; and

2. Plaintiffs are precluded under the court's scheduling order from filing a dispositive motion.

Dated: November 5, 2015

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court

---

[2] Plaintiffs also failed to "promptly file a notice of motion informing all parties of the nature of the motion and the date, time and location of the hearing" as required by the court's dispositive-motion practice order. ECF No. 103.