```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
              Civil No. 13-834(DSD/FLN)
```

Kenneth Lindsay and Jesse
Owens individually and on
behalf of other similarly
situated individuals,

        Plaintiffs,

v.                                                       **ORDER**

Clear Wireless LLC and Workforce
Logic LLC, d/b/a Workforce Logic,
a Zero Chaos Company, APC Workforce
Solutions, LLC, d/b/a Zero Chaos,
Gary D. Nelson and Associates, Inc.,
ABE Services d/b/a Workforce Logic,
and Clearwire Corporation,

        Defendants.

        Jarvis C. Jones, Esq. and Jones Satre & Weimer, 7900 Xerxes Avenue South, Suite 820, Bloomington, MN 55431, counsel for plaintiffs.

        John H. Lassetter, Esq. and Littler Mendelson, PC, 80 South 8th Street, Suite 1300, Minneapolis, MN, 55402, Joyce Ackerman Cox, Esq. and Baker & Hostetler LLP, 200 South Orange Avenue, Suite 2300, Sun Trust Center, Orlando, FL 32801, and Dean A. LeDoux, Esq. and Gray Plant Mooty, 80 South 8th Street, Suite 500, Minneapolis, MN 55402, counsel for defendants.

        This matter is before the court upon the motion for review of taxation of costs by plaintiffs Kenneth Lindsay and Jesse Owens. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

On March 10, 2016, the court decertified the class and granted summary judgment to defendants.[1] On May 4, 2016, the clerk of court taxed $33,969.99 in costs in favor of Clear Wireless, $17,345.95 in favor of GDNA, and $24,083.06 in favor of ZC. ECF Nos. 477, 478, 479. Plaintiffs now move for review of each cost judgment on numerous grounds.

The court has "substantial discretion" in awarding costs to a prevailing party under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997). Unless a federal statute, rules, or court order provides otherwise, "costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Plaintiffs have the burden to show that the cost judgment "is inequitable under the circumstances." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002). "Indigence is recognized as an appropriate justification for denial of costs." Kaplan v. Mayo Clinic, No. 07-3630, 2011 WL 3837095, at *2 (D. Minn. Aug. 29, 2011); see also Poe v. John Deere Co., 695 F.2d 1103, 1108 (8th Cir. 1982) ("It is of course within a court's discretion to deny costs because a plaintiff is poor ....").

---

[1] Defendants are Clear Wireless LLC and Clearwire Corporation (collectively, Clear Wireless); Gary D. Nelson and Associates, Inc. and ABE Services, d/b/a Workforce Logic (collectively, GDNA); and Workforce Logic, LLC, d/b/a Workforce Logic, and APC Workforce Solutions, LLC, d/b/a ZeroChaos (collectively, ZC)

Here, although the costs as awarded by the clerk of court were reasonably incurred, the court finds that plaintiffs' financial circumstances warrant reversal. Both plaintiffs have submitted declarations attesting to their indigence. See ECF Nos. 485-86. Each struggles to cover basic living expenses and neither has assets or savings sufficient to cover the substantial costs assessed now or in the future. As a result, the court denies the imposition of costs against plaintiffs.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion for review of taxation of costs [ECF No. 481] is granted; and

2. The cost judgments [ECF Nos. 477, 478, 479] are reversed.

Dated: May 31, 2016

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court